**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Huan Yuan Yan, | No.  CV-26-01749-PHX-SHD (DMF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Unknown Party, et al., | |
| Respondent. | |

**TO THE HONORABLE SHARAD H. DESAI, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 3 at 4).[1]

## I.    BACKGROUND

Petitioner Huan Yuan Yan ("Petitioner" and/or "Yan") filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1).  At the time Petitioner filed the Petition, Petitioner was confined in the San Luis Regional Detention Center (*Id.* at 1).  In the Petition, Petitioner challenges his immigration detention (*Id.*).  The Court recounted in its March 17, 2026, Order:

---

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-26-01749-PHX-SHD (DMF).

Petitioner asserts that his prolonged detention without a bond hearing violates his Fifth Amendment due process rights. He seeks release from custody, or in the alternative, a bond hearing.

The Court will dismiss Respondent Current or Acting Field Office Director of the United States Immigration and Customs Enforcement's Calexico Field Office as an improper Respondent. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). The Court will direct the Clerk of Court to substitute David Rivas for Respondent Warden of the San Luis Regional Detention Facility, Todd Lyons for Respondent Current or Acting Director of the United States Immigration and Customs Enforcement, Kristi Noem for Respondent Current or Acting Secretary of the United States Department of Homeland Security, and Pamela Bondi for Respondent Current or Acting United States Attorney General.

(Doc. 3 at 2). The Court directed:

Respondents must respond to the Petition. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

(*Id.*). The Court also set a timeframe for Petitioner's reply (*Id.* at 4).

On April 1, 2026, Respondents filed an answer to the Petition stating that Petitioner was released from immigration and placed on an Order of Supervision on March 26, 2026 (Doc. 9 at 1). Respondents summarize:

The only claim for relief made by Petitioner in the habeas petition was to be released from ICE custody. On March 26, 2026, Petitioner was successfully released from custody and is no longer in ICE custody. Because the habeas petition did not seek to redress any collateral consequences arising from Petitioner's detention, Respondents respectfully request that the Court deny the petition and dismiss it as moot.

(Doc. 9 at 3). Respondents did not support the answer with any documentary evidence or affidavits by individuals with personal knowledge of the factual statements made therein (Doc. 9).

On April 1, 2026, the Court received mail returned as undeliverable containing a copy of the Court's March 17, 2026, Order (Doc. 10; *see* Doc. 3). The return to sender message on the envelope reflects that Petitioner is no longer in custody at the San Luis

- 2 -

Regional Detention Center (Doc. 10).

A reply is not necessary because, as discussed below, the Petition is now moot.

## II.    DISCUSSION

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  For example, a petition that disputes the merits of an order of removal may raise sufficient collateral consequences to maintain a live case or controversy.  *Id.*; *see also Handa v. Clark,* 401 F.3d 1129, 1132-33 (9th Cir. 2005).

Respondent is correct that this action is now moot.  In his Petition, Petitioner alleges that his constitutional due process rights were violated by his immigration detention without a bond hearing.  Respondent represents to the Court that Petitioner has been released subject to an Order of Supervision (Doc. 9), a representation that is supported by the mail returned as undeliverable reflecting that Petitioner is no longer in custody at the San Luis Regional Detention Center (Doc. 10).  Thus, Petitioner's challenge to his immigration detention without a bond hearing is now moot.  Further, the Petition raises no collateral consequence to maintain a live case or controversy.  *See Abdala*, 488 F.3d at 1064.

## III.    CONCLUSION

Because Petitioner's release subject to an Order of Supervision renders his habeas claim moot, the Court will recommend that the Petition be denied without prejudice and this matter be dismissed as moot.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be denied without prejudice and this matter be dismissed as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 7th day of April, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge